IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MARK A. NEAL                                                      PLAINTIFF

v.                                    CIVIL NO. 06-3073

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                        DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Mark Neal ("plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the provisions of Titles II and XVI of the Social Security Act. (Doc. 1). In her Motion to Dismiss the case, the defendant alleges that plaintiff's complaint fails to state a claim upon which relief can be granted because it was not filed within the time limitation specified in 42 U.S.C. § 405(g), which requires that a civil action be commenced within 60 days after the date of mailing to the plaintiff of notice of the final decision of the Commissioner of Social Security, or within any time as extended by the Appeals Council of the Social Security Administration. (Doc. # 5).

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). The Supreme Court has specifically held that § 405(h) prevents review of the Secretary's decisions except as provided in § 405(g) of the Act. *Sheehan v. Secretary of Health, Ed. & Welfare*, 593 F.2d 323, 325 (8th Cir. 1979) (*citing Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)). Section 405(g) provides in pertinent part:

---

[1]Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

> Any individual, after a final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

Accordingly, the final decision of the Commissioner is binding unless the claimant files an action in a Federal district court within 60 days after receipt of the notice of the Appeals Council's decision, unless the claimant requests an extension of time to file suit from the Commissioner. *See also* 20 C.F.R. §§ 404.981, 422.210.  The date of receipt of the notice of Appeals Council action is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council.  20 C.F.R. §§ 404.901, 422.210(c).

The Supreme Court in *Bowen v. City of New York*, 476 U.S. 467, 481, 106 S.Ct. 2022 (1986), ruled that the 60 day time period specified in section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is a period of limitation, which in a rare case can be tolled by the Commissioner or the courts.  The Eighth Circuit has repeatedly upheld the 60 day time limitation.  *Hammonds v. Bowen*, 870 F.2d 446, 448 (8th Cir. 1989); *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988)(per curiam).

In his response, plaintiff does not contend that his complaint was timely filed.  (Doc. # 6). Instead, he states that his attorney faxed a letter to the Appeals Council requesting an extension of time to file suit.  (Doc. # 6).  Plaintiff also contends that he requested an extension of time to file suit because his attorney was unable to contact plaintiff in a timely manner due to plaintiff 's incarceration.  We note, however, that the Notice of Appeals Council Action clearly states that a request for additional time to file suit should be mailed to the Appeals Council at an address provided in the letter.  (Doc. # 1-1).  There is no provision for faxing said requests.  Further, the

letter clearly states that the Appeals Council will send the requesting party a letter granting or denying their request for additional time.  Plaintiff has provided the court with no evidence to indicate that his request for additional time was received, denied, or granted by the Appeals Council.

We note that Earnest Baskerville, Chief of Court Case Preparation and Review for Branch 3 of the Social Security Administration's Office of Appellate Operations and Office of Disability Adjudication and Review has filed an affidavit attesting that he is responsible for processing claims under Titles II and XVI of the Social Security Act.  (Doc. # 5-2).  He states that he is not aware of the filing of any request for an extension of time to file a civil action with regard to this matter.

As such, the evidence of record shows that the Appeals Council forwarded notice of its decision to plaintiff on September 15, 2006.  (Doc. 3-2).  It is presumed that plaintiff received the notice of Appeal Councils action on September 20, 2006, five days from the date of the original notice.[2]  Accordingly, plaintiff had until November 19, 2006, to file suit.  After reviewing the record, we note that the complaint was not received by this court until November 24, 2006.  (Doc. # 1).  Accordingly, we believe that plaintiff's complaint was untimely and recommend that the defendant's Motion to Dismiss be GRANTED and the case be DISMISSED.

**The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

---

[2]Plaintiff's counsel admits that this was the date he received the notice of Appeals Council action. (Doc. # 6).

3

IT IS SO ORDERED this 21st day of May 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE