**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

**MARK A. NEAL**                                                                                        **PLAINTIFF**

        **v.**            **Civil No. 06-3073**

**MICHAEL J. ASTRUE, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION**                                                 **DEFENDANT**

**O R D E R**

Now on this 21st day of February, 2008, comes on for consideration the **Magistrate Judge's Report And Recommendation** (document #7), and plaintiff's **Response And Objection To Magistrate Judge's Report And Recommendation** (document #8), and from said documents, and the supporting documentation, the Court finds and orders as follows:

1. Plaintiff's Complaint seeking review of an adverse decision on his Social Security claim was filed outside of the sixty-day period set by **42 U.S.C. §405(g)** for seeking judicial review of such decisions.

Defendant moved for dismissal, alleging that the Complaint was not timely. The Magistrate Judge recommended that dismissal be granted, reporting that although plaintiff had until November 19, 2006, to file his Complaint, it was not received in the Clerk's Office until November 24, 2006.[1]

In reviewing Defendant's Motion To Dismiss Plaintiff's

---

[1] The Complaint was not actually filed until December 4, 2006, after the Magistrate Judge had ruled that plaintiff was entitled to *in forma pauperis* status.

Complaint, the Magistrate Judge was persuaded by two things:  (1) although plaintiff requested an extension of the filing time, he did so by facsimile rather than mail; and (2) there is no evidence that any extension was granted.

    2.  Plaintiff objects to dismissal.  He admits that his attorney received notice of the Appeals Council's action on September 20, 2006, although he personally did not receive it because he was incarcerated.  He states (albeit not by way of affidavit) that his attorney both mailed and faxed a timely request to the Appeals Council for additional time to file his Complaint, giving as the reason for such extension that he was incarcerated.  He further states - or rather, his attorney on his behalf states - that paperwork was sent to his mother "in order to hopefully get the Plaintiff's signature on the papers indicating that he was and is indigent and does want to continue his appeal efforts since the undersigned's attempts to get papers to him while incarcerated were futile since nothing was ever received from him directly."

    While admitting that no response was received to the request for extension, plaintiff further states - or rather, his attorney states - that he has "mailed many times requests for additional time" to the Appeals Council and has "**never** received any responses from the Appeals Council approving or disapproving the requests."  (Emphasis in original).  He contends that the Court should find

that his Complaint was timely filed "as there was good cause for the extension and the Appeals Council can not stand by and fail to respond either way to such a request when timely made."

    3.   Plaintiff's argument is basically that this Court should equitably toll a statute of limitations which the defendant has determined not to toll.  The Supreme Court has recognized that "[w]hile in most cases the Secretary will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate'."  **Bowen v. City of New York**, **476 U.S. 467, 480 (1986).**  In the Eighth Circuit, however, equitable tolling has been used "only sparingly."  See **Medellin v. Shalala**, **23 F.3d 199, 204 (8th Cir. 1994),** citing **Irwin v. Department of Veterans Affairs**, **498 U.S. 89, 96 (1990):**

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or *where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.*  We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

(Emphasis in the Eighth Circuit citation).

    The Court does not find this case to be one where there are equities sufficient to override the Secretary's decision not to toll the limitations period. The Court can accept plaintiff's

statements that his counsel timely requested an extension of time to file, and that the reason given therefor - his incarceration - was a good one.  It can also accept the notion that facsimile transmission satisfies the requirement of a written request for such extension.  What the Court cannot accept is the contention that it should treat such extension as granted in the absence of any showing that such is the case.

The Notice Of Appeals Council Action attached to defendant's motion to dismiss states, with regard to requests for extension, that "[w]e will send you a letter telling you whether your request for more time has been granted."  Plaintiff admits that no such letter was received.  Earnest Baskerville, Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Disability Adjudication and Review, avers in a sworn declaration that he is responsible for processing Social Security claims when civil actions thereon are filed in the State of Arkansas, and has plaintiff's file in his custody.  He further avers that an examination of the file "under his supervision" does not reflect any request for extension.

These facts suggest that no request for extension was ever received in the appropriate office, and that no extension was ever granted.  The only "equity" offered to balance them is the assertion that defendant "never" sends the promised letter regarding a request for extension.  The Court is not persuaded

that, even if this situation obtains, it amounts to a "trick" that would have "deceived" the plaintiff.  Plaintiff's counsel could certainly have contacted defendant to inquire about the status of any request for an extension, and if he had failed to receive either a response or an extension, he could have protectively filed a complaint on his client's behalf in a timely fashion.

4.  For the foregoing reasons, the Court finds that the Report And Recommendation is sound in all respects, and should be adopted *in toto*, and that the Objections thereto should be overruled.

**IT IS THEREFORE ORDERED** that the **Magistrate Judge's Report And Recommendation** is **adopted *in toto***.

**IT IS FURTHER ORDERED** that plaintiff's **Response And Objection To Magistrate Judge's Report And Recommendation** (document #8) is **overruled**.

**IT IS FURTHER ORDERED** that **Defendant's Motion To Dismiss Plaintiff's Complaint** (document #5) is **granted**, and this matter is **dismissed with prejudice.**

**IT IS SO ORDERED.**

                                         /s/ Jimm Larry Hendren
                                        **JIMM LARRY HENDREN**
                                        **UNITED STATES DISTRICT JUDGE**